IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cr-00349-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVIN MEYER,

    Defendant.

**RESPONSE TO GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

Davin Meyer, through undersigned counsel, submits this Response to Government's Motion for a Protective Order. Mr. Meyer objects to the sweeping nature of the Government's proposed protective order, but has no objection to a more narrowly tailored protective order, as described below.

## Background

In June 2022, Mr. Meyer's mother went to the police because she was concerned that Mr. Meyer was talking a lot about radical Islam. Mr. Meyer was 17 at the time. As noted in the arrest affidavit, Ms. Meyer had revealed to law enforcement that he had been diagnosed with multiple mental health disorders, including autism spectrum disorder, ADHD, adjustment disorder, a learning disorder, and major depressive disorder.

Approximately five months passed. There is nothing in the affidavit to suggest that investigative tactics were employed during this time that would implicate

protective order concerns. Mr. Meyer turned 18 on November 3, 2022. The very next day, an undercover FBI agent pretending to be part of ISIS began communicating with Mr. Meyer about traveling to the Middle East and joining ISIS. Doc. 1, ¶ 22. The undercover agents' primary investigative activity appears to be communicating with Mr. Meyer about joining ISIS for the next eight months. There is nothing in the affidavit to suggest that Mr. Meyer ever spoke with an actual member of ISIS during that time. There is nothing in the affidavit to suggest that he engaged in behavior that posed a threat during that time or that the government undertook extraordinary or unique measures to ensure their safety. For the majority of this time, he was living with his mother without government surveillance. He was not arrested or detained until July 14, 2023, when he attempted to board a flight to Turkey (via Munich). The undercover agents had told him that he'd be met by other members of ISIS in Turkey, but this was just a ruse created by the agents. Nothing yet has been disclosed that suggests additional undercover operations implicating national security were in effect.

## Objections

Rule 16(d)(1) permits the entry of an appropriate protective order "for good cause" shown. Fed. R. Crim. P. 16(d)(1). As defined in the case relied on by the government, good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (citation omitted). "A finding of harm 'must be based on a particular

factual demonstration of potential harm, not on conclusory statements.'" *Id.* (citation omitted).

The proposed protective order would apply to *all* discovery materials. It would require *all* pleadings to which discovery materials are attached to be filed under restriction. Doc. 18-1, ¶ 8.

In support of this sweeping proposed protective order, the government states only that "the discovery materials disclose sensitive national security, law enforcement, and privacy interests." Doc. 18, ¶ 7.

To the extent that there is information in discovery that would truly rise to the level of implicating national security, it has not been shown in any of the filings to date. This is a case about communications between a teenager with well documented mental health issues and two undercover agents. The government's conclusory representations about national security, law enforcement, and privacy interests are not sufficient to justify blanket restrictions on all discovery.

The cases cited by the government are illustrative. The protective order in *United States v. Panas*, 738 F.2d 278, 285-86 (8th Cir. 1984), did not apply to all discovery materials. Rather, it applied only to "technical data" of the "T-4 transmitting device" worn by an agent during an undercover operation. *Id.* Similarly, in *Smith*, 985 F. Supp. 2d 506, 530-32, the court denied the government's motion for a protective order where the "Government's case for good cause is quint-essentially one based on conclusory allegations," but granted it where the government specifically identified materials that

3

could "(i) reveal the targets of the [ongoing] investigations and the suspected criminal conduct being investigated; (ii) disclose the type of evidence being collected, or that could be collected, against these individuals; and (iii) officially confirm who some of the cooperating witnesses in these investigations are." In this case, the government has not made a comparable specific showing of serious injury.

The proposed protective order would also limit Mr. Meyer's ability to take notes on all discovery materials pertaining to Confidential Human Sources. Given the nature of this case, that is likely to encompass a significant portion of the discovery materials and implicates Mr. Meyer's constitutional rights to prepare and participate in his defense.

The requirement that all pleadings with discovery materials attached be filed restricted is also overly broad. Under the District of Colorado Local Rules, if a party wants to file a pleading under restriction, the party must file a motion. The motion must address the interest to be protected, explain why that interest outweighs the presumption of public access, identify a clearly defined and serious injury that would result if access is not restricted, and explain why no alternative to restriction is practicable. D.C.COLO.LCrR Rule 47.1(c)(2)-(4). It is inconceivable that every item in discovery could satisfy this standard and warrant restriction. Consistent with the Local Rules, restriction of pleadings in this case should be addressed on a pleading by pleading basis.

4

## Conclusion

Mr. Meyer does not object to the entry of an appropriately tailored protective order or keeping confidential the identity of confidential human sources. However, the proposed protective order sweeps far too broadly and the government has not shown good cause for these blanket restrictions on all discovery and all pleadings to which discovery is attached. Accordingly, Mr. Meyer respectfully requests that the Court deny the government's Motion.

Dated: August 24, 2023.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Counsel for Davin Meyer*

**Certificate of Service**

      I certify that on August 24, 2023, I electronically filed the foregoing *Response to Government's Motion for Protective Order* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Melissa Hindman, AUSA
U.S. Attorney's Office – Denver
1801 California Street, Suite 1600
Denver, CO 80202
Melissa.hindman@usdoj.gov

                                          *s/ Brenda Rodriguez*
                                          Brenda Rodriguez