IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00349-CNS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. DAVIN DANIEL MEYER,
   a/k/a "Abdul Rahman ibn Meyer,"
   a/k/a "Abdul Rahman al-Amriki,"

       Defendant.

## GOVERNMENT'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

The United States of America, by and through undersigned counsel, respectfully requests that the Court exclude 122 days from the Speedy Trial Clock, pursuant to 18 U.S.C. § 3161(h)(7), thereby tolling the period from and including August 1, 2024, through and including November 30, 2024. At present, 47 days remain on the Speedy Trial Clock; should the Court grant the government's motion, this would result in a new speedy trial expiration date of January 16, 2025. The defendant objects to this continuance request.[1] In support of this motion, the government states:

### BACKGROUND

1. On July 14, 2023, a Complaint was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign

---

[1] In an August 1, 2024 communication with the government, defense counsel indicated that he objects to this request (i) for all of the reasons previously stated in Court on July 31, 2024, and (ii) based on the fact that defense counsel has not been permitted to review the government's classified, *ex parte* status report (ECF 45).

terrorist organization, in violation of 18 U.S.C. § 2339B.  (ECF 1).

2. The defendant made his initial appearance on the Complaint on July 17, 2023.  (ECF 4).

3. On July 26, 2023, an Indictment was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF 10).

## SPEEDY TRIAL CALCULATION

4. At present, 47 days remain on the speedy trial clock.  (ECF 43, 44).  The clock was previously tolled through July 31, 2024 (ECF 44), and currently expires on September 16, 2024.

5. On July 31, 2024, the Court held a status conference with the parties and discussed, among other things, upcoming deadlines and the speedy trial clock in this case. (ECF 46).

6. The present motion asks the Court to exclude 122 additional days—from and including August 1, 2024, through and including November 30, 2024—from the speedy trial computation.  Should the Court grant the motion, the tolling would expire on November 30, 2024, and the remaining 47 days would result in a new speedy trial expiration date of **January 16, 2025**.

## ARGUMENT

7. The Speedy Trial Act of 1974, codified at Title 18, United States Code, Section 3161, *et seq.*, generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18

2

U.S.C. § 3161(c)(1).  The Speedy Trial Act, however, permits the Court to exclude certain periods of time from that seventy-day clock.  As relevant here, § 3161(h)(7)(A) permits the Court, *sua sponte* or upon a motion made by the government or a defendant, to continue the trial and to exclude any period of delay where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  In deciding whether to grant a continuance under § 3161(h)(7)(A), the Act directs that the Court "shall" consider a non-exhaustive list of factors.  One of the factors the Court shall consider, among others, is whether:

> [T]he case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).  Additionally, even if the Court were to find that the case is "not so unusual or so complex as to fall within [§ 3161(h)(7)(B)(ii)]," the Court may also consider whether a failure to exclude time under the Speedy Trial Act "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

8. On September 22, 2023, Judge Blackburn issued an order designating this case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), based in large part on the government's representation that classified litigation was anticipated.  (ECF 22).

9. With respect to *unclassified* discovery, the government has delivered to the defense five productions of discovery and is continuing to produce some additional unclassified material in fulfillment of its discovery obligations.  At this time, unclassified

3

discovery is substantially complete.

10. With respect to the classified information involved in this case, some of the evidence remains classified and will require approval for declassification before it can be provided to defense counsel. Even with the exercise of due diligence, that review and approval process is likely to be time consuming.

11. This case will also involve filings under the Classified Information Procedures Act ("CIPA"). Courts have consistently recognized CIPA litigation as a relevant factor in excluding time under the Speedy Trial Act. *See*, *e.g.*, *United States v. Muhtorov*, 20 F.4th 558, 635 (10th Cir. 2021) (noting, despite defendant's failure to challenge district court's Speedy Trial Act rulings, that district court declared case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and granted numerous extension based, in part, on the government's need to comply with CIPA); *United States v. Salad*, 779 F. Supp. 2d 509, 514 (E.D. Va. 2011) ("Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations." (quoting *United States v. Warsame*, No. 04-29 (JRT), 2007 WL 748281, at *3 (D. Minn. Mar. 8, 2007))); *United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1263 (M.D. Fla. 2003) (noting that terrorism cases present the type of complex and challenging issues for which it is unreasonable to expect expeditious trial dates).

12. As indicated at the May 23, 2024 and July 31, 2024 status conferences, the government has been working with relevant equity holders to determine the scope and proposed form of discovery disclosures for CIPA Section 4 filings. (ECF 42, 46). The Court has ordered the government to file its first CIPA Section 4 submission on October 4, 2024. In a classified, *ex parte* status report (ECF 45), the government set

4

forth specific reasons why it required two additional months to submit its CIPA Section 4 submission. The government incorporates those justifications herein by reference.

13. At the July 31, 2024 status conference, the Court indicated that it would require at least one month to thoroughly review the government's CIPA Section 4 submission and either issue an appropriate protective order or set a Section 4 hearing for further argument.

14. At the July 31, 2024 status conference, the government further requested that the Court set another status conference approximately 30 days after the issuance any CIPA Section 4 protective order to allow the parties time to confer regarding the possibility of a non-trial disposition of this matter.

15. The government submits that a 122-day exclusion is warranted given: (1) the government's need to complete and submit its CIPA Section 4 filing; (2) the Court's need to carefully review and rule on the government's Section 4 submission, including by setting a Section 4 hearing as appropriate; and (3) the parties' stated interest in setting aside time to engage in plea discussions *after* the Court has ruled on the government's Section 4 submission.

16. The government respectfully submits that, given the posture of this case as well as the anticipated classified litigation, this case continues to qualify as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). A failure to exclude time here would deny counsel for the defendant and counsel for the government the time necessary to review the evidence in this case and adequately prepare that evidence for use at trial. The evidence underlying the prosecution in this case is substantial and complex, and the parties will likely require significantly more time than that required in the ordinary case to review these materials and prepare the case for trial.

## CONCLUSION

17. Accordingly, the government respectfully requests that the Court:

    (i) Affirm that the case continues to qualify as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

    (ii) Exclude the period of delay from and including August 1, 2024, through and including November 30, 2024, resulting in a new speedy trial expiration date of January 16, 2025; and

    (iii) Find that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A).

//

//

//

//

//

//

//

//

//

//

//

Respectfully submitted this 1st day of August, 2024.

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Melissa Hindman*
Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:   Melissa.Hindman@usdoj.gov
Attorney for Government

By: *s/ Jena Neuscheler*
Jena Neuscheler
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0406
E-mail:   Jena.Neuscheler @usdoj.gov
Attorney for Government

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

By: *s/ Jena Neuscheler*
Jena Neuscheler
Assistant United States Attorney
U.S. Attorney's Office