IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00349-CNS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVIN DANIEL MEYER,
   a/k/a "Abdul Rahman ibn Meyer,"
   a/k/a "Abdul Rahman al-Amriki,"

        Defendant.

## GOVERNMENT'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

The United States of America, by and through undersigned counsel, respectfully requests that the Court exclude 35 days from the Speedy Trial Clock, pursuant to 18 U.S.C. § 3161(h)(7), thereby tolling the period from and including December 2, 2024, through and including January 6, 2025. At present, 46 days remain on the Speedy Trial Clock; should the Court grant the government's motion, this would result in a new speedy trial expiration date of February 21, 2025. The defendant opposes this continuance request.[1] In support of this motion, the government states:

### BACKGROUND

1. On July 14, 2023, a Complaint was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign

---

[1] The defendant, through counsel, has indicated that his lack of information concerning the *ex parte* proceedings makes it difficult to comment, and therefore agree, to the government's request for an Ends of Justice Continuance.

1

terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF 1).

2. The defendant made his initial appearance on the Complaint on July 17, 2023. (ECF 4).

3. On July 26, 2023, an Indictment was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF 10).

## SPEEDY TRIAL CALCULATION

4. At present, 46 days remain on the speedy trial clock. The clock was previously tolled through November 30, 2024 (ECF 48), and currently expires on January 16, 2025.

5. The present motion asks the Court to exclude 35 additional days—from and including December 2, 2024, through and including January 6, 2025—from the speedy trial computation. Should the Court grant the motion, the tolling would expire on January 6, 2024, and the remaining 46 days would result in a new speedy trial expiration date of **February 21, 2025**.

## ARGUMENT

6. The Speedy Trial Act of 1974, codified at Title 18, United States Code, Section 3161, *et seq.*, generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, permits the Court to exclude certain periods of time from that seventy-day clock. As relevant here, § 3161(h)(7)(A) permits the Court, *sua sponte* or upon a motion made by the government or a

defendant, to continue the trial and to exclude any period of delay where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  In deciding whether to grant a continuance under § 3161(h)(7)(A), the Act directs that the Court "shall" consider a non-exhaustive list of factors.  One of the factors the Court shall consider, among others, is whether:

> [T]he case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).  Additionally, even if the Court were to find that the case is "not so unusual or so complex as to fall within [§ 3161(h)(7)(B)(ii)]," the Court may also consider whether a failure to exclude time under the Speedy Trial Act "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

7.      On September 22, 2023, Judge Blackburn issued an order designating this case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), based in large part on the government's representation that classified litigation was anticipated.  (ECF 22).

8.      With respect to unclassified discovery, the government has delivered to the defense seven productions of discovery and is continuing to produce some additional unclassified material in fulfillment of its discovery obligations.   At this time, unclassified discovery is substantially complete.

9.      With respect to the classified information involved in this case, on October 4, 2024, the government filed a Motion for a Protective Order Pursuant to Section 4 of

3

the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure. (ECF 49).

10. On October 28, 2024, the Court held a hearing on the government's Section 4 motion. (ECF 57). Following that hearing, the Court indicated that it would set another *ex parte* hearing on the government's motion within 45 days of October 28, 2024. (ECF 57). Based on the discussions that occurred during the Section 4 hearing, the Court's *ex parte* orders (ECF 50 & 54), and the contents of the government's December 2, 2024 classified status report (ECF 59), the government believes additional time will be needed to resolve the government's pending CIPA Section 4 Motion.

11. Courts have consistently recognized pending CIPA litigation as a relevant factor in excluding time under the Speedy Trial Act. *See, e.g., United States v. Muhtorov*, 20 F.4th 558, 635 (10th Cir. 2021) (noting, despite defendant's failure to challenge district court's Speedy Trial Act rulings, that district court declared case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and granted numerous extension based, in part, on the government's need to comply with CIPA); *United States v. Salad*, 779 F. Supp. 2d 509, 514 (E.D. Va. 2011) ("Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations." (quoting *United States v. Warsame*, No. 04-29 (JRT), 2007 WL 748281, at *3 (D. Minn. Mar. 8, 2007))); *United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1263 (M.D. Fla. 2003) (noting that terrorism cases present the type of complex and challenging issues for which it is unreasonable to expect expeditious trial dates).

12. The government has been working diligently to comply with the Court's directives following the October 28, 2024 *ex parte* hearing. The government respectfully

4

submits that a 35-day exclusion is warranted given (i) the need to resolve the topics discussed at the *ex parte* hearing in light of the contents of the government's December 2, 2024 classified status report (which is incorporated herein by reference), as well as (ii) the Court's stated intention to set an additional *ex parte* hearing at a future (as yet undetermined) date.

13. The government respectfully submits that, given the posture of this case as well as the pending classified litigation, this case continues to qualify as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). Given the pending CIPA litigation, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the existing timeframe. A failure to exclude time would furthermore deny counsel for the defendant and counsel for the government the time necessary to adequately prepare the evidence in this case for use at trial.

## CONCLUSION

14. Accordingly, the government respectfully requests that the Court:

   (i)  Affirm that the case continues to qualify as complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

   (ii) Exclude the period of delay from and including December 2, 2024, through and including January 6, 2025, resulting in a new speedy trial expiration date of February 21, 2025; and

   (iii) Find that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A).

5

Respectfully submitted this 2nd day of December, 2024.

          MATTHEW T. KIRSCH
          Acting United States Attorney

          By: *s/ Jena Neuscheler*
          Jena Neuscheler
          Assistant U.S. Attorney
          U.S. Attorney's Office
          1801 California St., Ste. 1600
          Denver, CO 80202
          Telephone: 303-454-0100
          Fax: 303-454-0406
          E-mail: Jena.Neuscheler@usdoj.gov
          Attorney for Government

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of December 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

*s/Portia Peter*
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Email: Portia.Peter@usdoj.gov