IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00349-CNS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVIN DANIEL MEYER,
   a/k/a "Abdul Rahman ibn Meyer,"
   a/k/a "Abdul Rahman al-Amriki,"

        Defendant.

## JOINT MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

The United States of America and the defendant, Davin Daniel Meyer, jointly request that the Court exclude 60 days from the Speedy Trial Clock, pursuant to 18 U.S.C. § 3161(h)(7), thereby tolling the period from and including January 10, 2025, through and including March 10, 2025. At present, 46 days remain on the Speedy Trial Clock; should the Court grant the parties' motion, this would result in a new speedy trial expiration date of April 25, 2025.

In addition, the parties respectfully request that the Court refrain from setting any trial dates or trial deadlines to allow for the parties to engage in pre-trial plea negotiations now that defense has received discovery pursuant to the Court's protective order (ECF 67). The parties instead jointly request that the Court set a status conference in or around the week of March 3, 2025.

In support of this motion, the parties state:

1

## PROCEDURAL HISTORY

1. On July 14, 2023, a Complaint was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF 1).

2. The defendant made his initial appearance on the Complaint on July 17, 2023. (ECF 4).

3. On July 26, 2023, an Indictment was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF 10).

4. On September 22, 2023, Judge Blackburn issued an order designating this case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), based in large part on the government's representation that classified litigation was anticipated. (ECF 22).

5. The Court held status conferences on November 27, 2023; May 23, 2024; and July 31, 2024. At the July 2024 status conference, the government indicated that—although the parties remained open to exploring a pre-trial resolution of this case—the government first needed to proceed with CIPA litigation before it could meaningfully engage in plea negotiations with the defendant.

6. On October 4, 2024, the government filed a Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure. (ECF 49). The Court held a hearing on the government's Section 4 motion on October 28, 2024. (ECF 57).

7. On December 19, 2024, the Court granted the government's motion for a protective order. (ECF 67). The Court authorized the government to delete certain

information from discovery to be produced to the defendant, and further ordered the government to provide the defendant with certain unclassified summaries.

8.   On December 19, 2024, the government produced the unclassified summaries to the defense.

9.   On December 19, 2024, the Court ordered the parties to jointly contact Chambers to set motions deadlines, a motions hearing, a trial preparation conference, and trial.  (ECF 68).

## SPEEDY TRIAL CALCULATION

10.   At present, 46 days remain on the speedy trial clock.  The Court previously tolled the clock from and including December 5, 2024, through and including January 9, 2025.  (ECF 62).  The speedy trial clock currently expires on February 24, 2025.  (ECF 62).

11.   The present motion asks the Court to exclude 60 additional days—from and including January 10, 2025, through and including March 10, 2025—from the speedy trial computation.  Should the Court grant the motion, the tolling would expire on March 10, 2025, and the remaining 46 days would result in a new speedy trial expiration date of **April 25, 2025**.

## ARGUMENT

12.   The parties respectfully request that the Court exclude 60 days from the Speedy Trial Clock so that the parties can explore the possibility of a pre-trial resolution of this case.  As noted above, because of the government's need to engage in CIPA litigation, the parties have not had any meaningful opportunity to engage in plea negotiations in this case.  The government and the defendant jointly wish to explore the possibility of a pre-trial resolution of this matter and require additional time to engage in

3

such conversations.

13.     The Speedy Trial Act of 1974, codified at Title 18, United States Code, Section 3161, *et seq.*, generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, permits the Court to exclude certain periods of time from that seventy-day clock. As relevant here, § 3161(h)(7)(A) permits the Court, *sua sponte* or upon a motion made by the government or a defendant, to continue the trial and to exclude any period of delay where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

14.     In deciding whether to grant a continuance under § 3161(h)(7)(A), the Act directs that the Court "shall" consider a non-exhaustive list of factors. One of the factors the Court shall consider is whether a failure to exclude time under the Speedy Trial Act "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv). Another factor the Court must consider is whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 3161(h)(7)(B)(ii).

15.     Given the nature of this prosecution, and the need for classified litigation, the parties have had no meaningful opportunity to explore a pre-trial resolution of this

case. The parties agree that additional time is needed to engage in these conversations.

16. The parties acknowledge the Court's December 19, 2024 order directing the parties to contact Chambers to set motions deadlines and a trial. (ECF 68). In light of this motion, and the parties' desire to explore the possibility of a pre-trial resolution of this case, the parties respectfully request that the Court refrain from setting trial dates and deadlines at this time. Instead, the parties request that the Court set a status conference in or around the week of March 3, 2025. If a notice of disposition is filed prior to that status conference, the status conference can be converted into a change of plea hearing. If no notice of disposition is filed prior to that status conference, then the parties would be prepared to present a joint proposed schedule of trial dates and deadlines at the status conference.

17. The parties respectfully submit that, given the posture of this case, a failure to exclude time would deny counsel for the defendant and counsel for the government the reasonable time necessary for effective preparation.

## CONCLUSION

18. Accordingly, the parties respectfully request that the Court:

   (i) Exclude the period of delay from and including January 10, 2025, through and including March 10, 2025, resulting in a new speedy trial expiration date of April 25, 2025;

   (ii) Schedule a status conference the week of March 3, 2025 in lieu of a trial schedule at this time; and

   (iii) Find that the ends of justice served by taking such action outweigh

5

the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted this 23rd day of December, 2024.

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Melissa Hindman*
Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov
Attorney for Government


By: *s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com
Attorney for Davin Meyer

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

*s/Portia Peter*
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Email: Portia.Peter@usdoj.gov