IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00349-CNS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVIN DANIEL MEYER,
   a/k/a "Abdul Rahman ibn Meyer,"
   a/k/a "Abdul Rahman al-Amriki,"

        Defendant.

## JOINT MOTION FOR AN ENDS OF JUSTICE CONTINUANCE

The United States of America and the defendant, Davin Daniel Meyer, jointly request that the Court exclude 120 days from the Speedy Trial Clock, pursuant to 18 U.S.C. § 3161(h)(7), thereby tolling the period from and including November 3, 2025, through and including March 2, 2026. At present, 46 days remain on the Speedy Trial Clock; should the Court grant the parties' motion, this would result in a new speedy trial expiration date of April 17, 2026.

Per the discussion with the Court via email, the parties jointly request that the Court set a trial date of March 2, 2026, and that the Court continue the existing motions deadlines.

In support of this motion, the parties state:

**PROCEDURAL HISTORY**

1.     On July 14, 2023, a Complaint was filed charging the defendant with one

1

count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  (ECF No. 1). The defendant made his initial appearance on the Complaint on July 17, 2023.  (ECF No. 4). On July 26, 2023, an Indictment was filed charging the defendant with one count of attempting to provide material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B. (ECF No. 10).

      2.      On September 22, 2023, Judge Blackburn issued an order designating this case complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), based in large part on the government's representation that classified litigation was anticipated.  (ECF No. 22). The Court held status conferences on November 27, 2023; May 23, 2024; and July 31, 2024.

      3.      On October 4, 2024, the government filed a Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  (ECF No. 49).  The Court held a hearing on the government's Section 4 motion on October 28, 2024.  (ECF No. 57). On December 19, 2024, the Court granted the government's motion for a protective order. (ECF No. 67).

      4.      On March 5, 2025, the Court held a status conference with the parties and discussed a trial schedule. (ECF No. 74). The Court then set a trial date for November 3, 2025 and other related deadlines.  (ECF No. 76). The defendant filed various motions (ECF Nos. 100-101, 103-111, and 113), the government responded (ECF Nos. 118-124), and a hearing on those motions was held on September 4, 2025 (ECF No. 128).

      5.      On July 31, 2025, the defendant also filed a notice regarding a mental health expert pursuant to Fed. R. Crim P. 12.2(b) (ECF No. 102) and provided

additional information about that expert to the government immediately prior to the motions hearing (*See* ECF No. 127-1).

6. At the motions hearing the Court denied several of the motions, and on September 18, 2025, issued an order instructing the government to take additional steps to search for potentially discoverable material requested by the defense (ECF No. 133).

## SPEEDY TRIAL CALCULATION

7. At present, 46 days remain on the speedy trial clock, and the following periods were excluded from the speedy trial clock:

(i) August 18, 2023 through November 21, 2023, as granted by the Court. (ECF No. 22).

(ii) November 21, 2023 through December 21, 2023, tolled by a pending motion. (ECF Nos. 28 and 35).

(iii) December 18, 2023 through June 15, 2024, as granted by the Court. (ECF No. 32).

(iv) June 16, 2024 through July 31, 2024, as granted by the Court. (ECF No. 44).

(v) August 1, 2024 through November 30, 3024, as granted by the Court. (ECF No. 48).

(vi) December 2, 2024 through December 4, 2024, tolled by a pending motion. (ECF Nos. 60 and 62).

(vii) December 5, 2024 through January 9, 2025, as granted by the Court. (ECF No. 62).

(viii) January 10, 2025 through March 10, 2025, as granted by the Court. (ECF

3

No. 72).

(ix) January 10, 2025, through and including March 10, 2025, as granted by the Court. (ECF No. 72).

8. Most recently, the Court excluded 237 days from the clock, tolling from and including March 11, 2025, through and including November 3, 2025. With 46 days remaining, the speedy trial clock currently expires on December 22, 2025. (ECF No. 76).

9. The present motion asks the Court to exclude 120 additional days—from and including November 3, 2025, through and including March 2, 2026—from the speedy trial computation. Should the Court grant the motion, the tolling would expire on March 2, 2026, and the remaining 46 days would result in a new speedy trial expiration date of **April 17, 2026**.

## ARGUMENT

10. The parties respectfully request that the Court exclude the period from and including November 3, 2025, through and including March 2, 2026, from the Speedy Trial Clock so that the parties can engage in additional steps needed to prepare for trial—specifically related to the defendant's notice of a mental health defense (ECF No. 102), and the Court's order that the government take additional steps to search for potentially discoverable material (ECF No. 133).

11. The Speedy Trial Act of 1974, codified at Title 18, United States Code, Section 3161, *et seq.*, generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18

U.S.C. § 3161(c)(1).  The Speedy Trial Act, however, permits the Court to exclude certain periods of time from that seventy-day clock.  As relevant here, § 3161(h)(7)(A) permits the Court, *sua sponte* or upon a motion made by the government or a defendant, to continue the trial and to exclude any period of delay where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

12.     In deciding whether to grant a continuance under § 3161(h)(7)(A), the Act directs that the Court "shall" consider a non-exhaustive list of factors.  One of the factors the Court shall consider is whether a failure to exclude time under the Speedy Trial Act "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).   Another factor the Court must consider is whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  *Id.* § 3161(h)(7)(B)(ii).

13.     Given the complex nature of this prosecution, both parties agree that the requested tolling period would allow sufficient time to engage in pre-trial litigation and prepare for trial, including the preparation of witnesses, development of experts, and further analysis of evidence and legal arguments. In light of the defendant's notice of his intent to present a mental health expert, the government has requested that the defendant produce additional materials related to that expert, his examination of the defendant, and the defendant's prior mental health treatment records. The government will need time to review any materials produced by the defense and may request that a

5

government expert be authorized to examine the defendant as well. The government is also working on the search for potentially discoverable material requested by the defendant and as ordered by the Court.

14. The parties respectfully submit that, given the posture of this case, a failure to exclude time would deny counsel for the defendant and counsel for the government the reasonable time necessary for effective preparation.

## CONCLUSION

15. Accordingly, the parties respectfully request that the Court:

   (i) Exclude the period of delay from and including November 3, 2025, through and including March 2, 2026, resulting in a new speedy trial expiration date of April 17, 2026;

   (ii) Schedule a trial to begin on March 2, 2026;

   (iii) Continue the motions *in limine* and other pretrial deadlines; and

   (iv) Find that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted this 19th day of September, 2025.

PETER MCNEILLY
United States Attorney

By: *s/ Melissa Hindman*
Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202

Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov

JOHN A. EISENBERG
Assistant Attorney General for the
National Security Division

By: *s/ Tanya Senanayake*
Tanya Senanayake
D.C. Bar No. 1006218
Trial Attorney
Counterterrorism Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
Office: (202) 514-1092
Tanya.Senanayake3@usdoj.gov

Attorneys for Government

By: *s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com

Attorney for Davin Meyer

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

By: *s/ Melissa Hindman*
Melissa Hindman
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Melissa.Hindman@usdoj.gov