IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:23-cr-00349-CNS-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVIN DANIEL MEYER a/k/a Abdul Rahman ibn Meyer a/k/a Abdul Rahman al-Amriki,

    Defendant.

## ORDER

Before the Court is the Government's Emergency Motion for a Stay and Revocation of Release Order. ECF No. 155. To the extent the government seeks reversal of the United States Magistrate Judge's order granting Defendant's Second Motion to Amend Conditions of Release, *see* ECF No. 151, the government's motion is GRANTED. Accordingly, the magistrate judge's decision is REVERSED. In reaching this conclusion, and consistent with its obligation to promptly resolve the government's motion, *see* 18 U.S.C. § 3145(a), the Court presumes familiarity with this case's factual and procedural background, the doctrinal frameworks governing the Court's analysis of the magistrate judge's order, and the arguments contained in the parties' briefs, including those advanced by Defendant in his response to the government's motion. *See, e.g.*, 18 U.S.C. § 3145; ECF No. 159.

The government summarizes its challenge as one to the magistrate judge's "decision to release [Defendant] to live with his mother on home detention, which, in

1

effect, granted the [Defendant's] motion to amend his prior release conditions." ECF No. 155 at 9 (citation modified). Having reviewed the government's arguments and evidence before the magistrate judge, including listening to the entirety of the October 29, 2025, release hearing,[1] and engaging in *de novo* review of the magistrate judge's release determination, the Court agrees with the government that the magistrate judge erred in granting Defendant's motion to amend conditions. *See* ECF No. 151; *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

*First*, as a preliminary matter, the Court commends Defendant for the progress he has made throughout his therapy and treatment programs. He has successfully completed the "Ranch" inpatient program, *see* ECF No. 159 at 4, and appears ready for the next step in programming.

*Second*, as the government stated at the release hearing and acknowledges in its motion, this is a "presumption case." *Id.* at 10–11; *see also United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); 18 U.S.C. § 3142(e)(3)(C). Accordingly, a presumption applies that "no conditions of release will assure [D]efendant's appearance and the safety of the community." *Sticklin*, 932 F.2d at 1354.

*Third*, considering the relevant factors in the Court's release analysis, *see, e.g.,* § 3142(g), they do not favor release—particularly in light of the applicable presumption. The Court agrees with the government, for example, that Defendant is charged with a serious offense, *see* ECF No. 155 at 12, as well as that his history and characteristics—such as having previously made threats against his mother—do not favor release, *id.* at 13. That Defendant argues recent interactions with his mother "have been loving and supportive,"

---

[1] Although originally styled as a "status conference," the conference quickly transformed into an evidentiary hearing.

2

ECF No. 159 at 4, does not erase the fact that Defendant has previously made serious threats against her.

Indeed, at the release hearing, Raleigh House Clinical Director Ann Cacace testified that it was in Defendant's best interest to proceed with family therapy and continued detention at Raleigh House or another community partner, where he could remain under supervision and continue his therapeutic treatment programming. Although she testified that Defendant did not display any aggressive behavior, as Defendant observes, *see* ECF No. 159 at 4, this testimony does not obviate her remaining testimony that, in her professional opinion, the best and preferable course of action is to keep Defendant under facility supervision and proceed with family therapy with his mother. This conclusion resulted from her acknowledgement that Defendant and his mother had not lived together since the underlying events and had not engaged in the necessary therapy to ensure the success of that relationship. She also admitted she was unsure what issues may arise if Defendant was allowed to reside with his mother.

*Finally*—and crucially—the current release plan would not reasonably assure the safety of the community or the Defendant's appearance. *See* ECF No. 155 at 15. The Court agrees with the government that continued GPS monitoring of Defendant is necessary and cannot be accomplished at his mother's home. *Id.* at 16. The United States Probation Office has filed a status update regarding the feasibility of continued GPS monitoring of Defendant at his mother's property, representing that GPS monitoring would not be feasible, as well as that his mother's property is "approximately one mile on a single lane dirt road," and that this presents a significant obstacle for the Probation Office's ability to perform "supervision activities" over Defendant during any type of "snow

3

event." ECF No. 158 at 2. Defendant admits in his response that "GPS does not work at the residence due to it operating through cell-tower communication," ECF No. 159 at 7, and the Probation Office explains that the radio frequency alternative is not feasible because Defendant's mother has represented she cannot afford to install a requisite landline for the Probation Office to conduct radio frequency monitoring, see ECF No. 158 at 1. Moreover, the radio frequency option is insufficient, in the Court's view, to ensure the community's safety and Defendant's appearance.

* * *

Consistent with the above analysis, the government's motion is GRANTED. ECF No. 155. The magistrate judge's order on Defendant's motion to amend is REVERSED. ECF No. 151.[2]

DATED this 6th day of November 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] In light of the Court's reversal of the magistrate judge's October 29, 2025, order, Defendant's prior conditions of release remain in effect. The Court notes, however, that the parties indicate the possibility of modifying Defendant's release conditions so that he may be placed at the Lotus Lodge pending further proceedings. See, e.g., ECF No. 159 at 8. Defendant may file a renewed motion to amend conditions of release regarding a potential placement at the Lotus Lodge should he choose to do so.