IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cr-00349-CNS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DAVIN MEYER,

     Defendant.

---

**Request for Additional Orders Concerning Motion to Modify Conditions of Release (ECF # 234)**

---

Comes now David S. Kaplan, counsel for Mr. Meyer and submits this Request for Additional Orders regarding outstanding issues remaining after the hearing before Magistrate Neureiter conducted on June 23, 2026.

## Updated Procedural Background

On June 12, 2026, Defendant filed a *Motion to Amend Conditions of Release* due to the closing of Thomas House, the residential treatment facility where he had been residing, requesting he be allowed to live at the treatment facility identified as Monaco House. (ECF No. 234). The supervising pretrial probation officer believed the change of placement was appropriate and there was no objection by AUSA Hindman so long as the same conditions previously imposed in ECF 172 were enforced. Id. Contained in the Motion for Change of Conditions, and not agreed to by the government, was a request that Mr. Meyer be allowed to attend church services.

The Motion to Amend Conditions was referred to Magistrate Judge Neureiter by Judge Sweeney. (ECF No. 235) A hearing was set on the Motion for June 23, 2025.

(ECF No. 236) At the hearing on June 23, 2026, in addition to the unresolved issue of allowing Mr. Meyer to attend church services, counsel for Mr. Meyer raised two additional matters. It was requested that Ms. Deanna Meyer be allowed to transport the defendant to locations authorized by the court and that, with supervision, he be allowed to access the internet to complete a GED program.

AUSA Hindman maintained no objection to the change of residential treatment to Monaco House and agreed to allow him to attend church services with review and agreement by his pretrial supervision officer, Mr. Seth Junker. She expressed an objection to Ms. Meyer providing transportation and was not sufficiently informed about the supervision arrangements to consent to internet access for GED classes. After a brief discussion with Magistrate Neureiter concerning the merits of allowing Ms. Meyer to provide transportation she further expressed concern about not having been given proper notice of this request.

Magistrate Neureiter entered orders granting the change of placement to Monaco House. (ECF No. 240). Conditions of release were further amended to allow attendance at "approved religious services by probation."  (ECF No. 242). The court indicated that counsel for Mr. Meyer and the government could further discuss their respective positions regarding internet access and transportation by Ms. Deanna Meyer, either agreeing to the resolution of these matters or requesting the court entertain and resolve any ongoing disagreement.

2

**Status of Remaining Requests**

On June 24, 2026, counsel for Mr. Meyer contacted AUSA Hindman asking for her position on allowing internet access for GED purposes and amending the conditions allowing Ms. Deanna Meyer to provide transportation for authorized activities. On the same date a similar email was sent to PO Seth Junker. Mr. Junker contacted Monaco House and there were still remaining issues as to their ability to adequately supervise Mr. Meyer's internet access. In regard to allowing Ms. Deanna Meyer to transport Mr. Meyer he indicated no objection to allowing Ms. Meyer to provide transportation stating "[y]our argument and position with respect to transportation seems fair and one that I do not have opposition to."  He then clarified this position stating he did not believe he was in the best position to make a recommendation since there may be information in the case he was not privy to and would leave any resolution to counsel for the defendant and the government.

On June 29th, 2026, Ms. Hindman communicated to defense counsel that the government continued to object to a change in the transportation condition and that Mr. Meyer needed to "remain in the custody of a neutral, third-party custodian and not in his mother's sole custody at any time". Regarding internet access the government believes that no internet access remains appropriate but would consider a proposal that would not allow monitored access to the internet and requiring any computer that was used be subject to a search condition. Ms. Hindman further suggests that these issues could be taken up at the change of plea hearing scheduled for August 12, 2026.

### **Mr. Meyer's Position and Request**

Mr. Meyer agrees that arrangements for supervised use of the internet for GED class purposes needs further confirmation. It is requested that the court enter orders allowing such use if supervision was established to the satisfaction of the Pretrial Probation Officer.

The court has knowledge of the history involving Mr. Meyer's pretrial detention, the circumstances of his release and his compliance with the imposed conditions, now for a period of time greater than 12 months. The court has commended his behavior while on release status and appropriately indicated the benefit of compliance and the likely negative consequences of any violation on future sentencing decisions. This is even more compelling now that a notice of disposition as been filed and the matter is proceeding with even more certainty toward a sentencing hearing.

The government has previously expressed concerns for Ms. Meyer's safety based on behaviors that occurred many years ago. Since Mr Meyer's release, including family counseling sessions and a year of interactions, including visits with one another, there have been absolutely no difficulties between them.

The government now suggests that Mr. Meyer must remain at all times in the custody of a neutral third party. There is nothing to suggest that Ms. Meyer would compromise the safety of the community by her limited responsibility to transport Mr. Meyer to authorized locations. As the court indicated, there is less of a concern than his being in a vehicle with an unknown Uber driver. This request is primarily being made to address the expense of "taxi" transportation. Permission to attend church services, the

requirement of court appearances, visits with counsel and the occasional medical appointment results in an expense that is difficult for Ms. Meyer to afford. Delaying a ruling for another 6 weeks would unnecessarily add to that expense. It is requested that Deanna Meyer be permitted to transport Mr. Meyer to court approved outings. Transportation would be only for those activities approved by probation, would be subject to GPS monitoring and only by the most direct routes.

Dated: July 1, 2026

Respectfully submitted,

*s/ David S. Kaplan*

David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Counsel for Davin Meyer*

**Certificate of Service**

I certify that on July 1, 2026, I electronically filed the foregoing *Request for Additional Orders* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Melissa Hindman, AUSA
U.S. Attorney's Office – Denver
1801 California Street, Suite 1600
Denver, CO 80202

*s/ Hannah Martin*
Hannah Martin, Paralegal